11-1080-ag
Gondal v. Holder

BIA
Laforest, IJ
A097 517 053

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF
APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER
IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY
ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of July, two thousand twelve.

PRESENT:
> ROBERT D. SACK,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

TARIQ GONDAL,
> *Petitioner,*

> v.                                          11-1080-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Mitchell C. Zwaik, Bohemia, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; William C. Minick, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Tariq Gondal, a native and citizen of Pakistan, seeks review of a February 15, 2011, order of the BIA affirming the March 4, 2009, decision of Immigration Judge ("IJ") Brigitte Laforest, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tariq Gondal*, No. A097 517 053 (B.I.A. Feb. 15, 2011), *aff'g* No. A097 517 053 (Immig. Ct. N.Y. City Mar. 4, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA largely adopted the IJ's decision, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the Board's factual findings, including credibility determinations, for substantial evidence, *see* 8 U.S.C. § 1252(b)(4)(B); *see also Shi Jie Ge v. Holder,* 588 F.3d 90, 93-94 (2d Cir. 2009), and its legal conclusions de novo, *id.*

Gondal challenges the agency's denial of his application for asylum and withholding of removal, arguing that his credible testimony established his claim of persecution in Pakistan on account of his Ahmadi Muslim religion.  We deny the petition for review because the agency's adverse credibility determination is supported by substantial evidence. *Shi Jie Ge,* 588 F.3d at 93-94.

In finding Gondal incredible, the agency reasonably relied on inconsistencies between his testimony and other record evidence.  *See Secaida-Rosales v. INS*, 331 F.3d 297, 308-09 (2d Cir. 2003) (the impact of omissions and inconsistencies must be measured against the record as a whole).[1]  As the agency observed, Gondal testified that after his alleged attack for hosting an Ahmadi religious gathering, he did not return a second time to the police station to follow up his complaint.  But in a statement included with his asylum application, he asserted that he did return a second time after two weeks.  Gondal also

---

[1] In *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008), we recognized that the Real ID Act abrogated in part the holding in *Secaida-Rosales* for cases filed after May 11, 2005, the effective date of the Act. Because Gondal's application was filed before this date, *Secaida-Rosales* governs this case.  *See Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 287 n.6 (2d Cir. 2009).

3

testified that he was in hiding with his in-laws from June to September 2002 as a result of the attack, but he submitted a "First Information Report" with his asylum application purporting to corroborate his arrest resulting from his participation in a protest march in August 2002.

The agency reasonably declined to credit Gondal's explanations for these inconsistencies – that "the thing didn't come into [his] mind" and that he was only hiding from the people in his own village but the protest was outside of his village. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that an agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Gondal further argues that a reasonable fact-finder would be compelled to conclude that his testimony was credible because these and other inconsistencies noted by the agency were minor and isolated. However, the noted discrepancies are substantial because they go to the heart of his claim – that the police in Pakistan will not protect him from religious persecution by other Muslims. *See Latifi v. Gonzales*, 430 F.3d 103, 105 (2d Cir. 2005). Because he

4

was unable to reasonably explain his inconsistent testimony regarding the heart of his claim – his attack, complaint to the police, and arrest – a reasonable fact-finder would not have been compelled to find his testimony credible. *See Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106-107 (2d Cir. 2006) ("[A]n IJ need not consider the centrality *vel non* of each individual discrepancy or omission" and can instead "rely upon the cumulative impact of such inconsistencies, and may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence."); *see also Xian Tuan Ye v. Dep't of Homeland Security*, 446 F.3d 289, 294 (2d Cir. 2006) ("[O]ur review does not permit us to engage in an independent evaluation of the cold record or ask ourselves whether, if we were sitting as fact finders, we would credit or discredit an applicant's testimony.") (internal citation omitted).

As the only evidence of a threat to Gondal's life or freedom depended upon his credibility, the adverse credibility determination defeats his claim for asylum and withholding of removal, rendering his other arguments moot. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is

DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
